The PEOPLE of The United States of America, by their next friend, James, M. BURKE, and James M. Burke

v.

William C. ROGERS, An Officer of the United States appointed to the office of Attorney General of the United States, Washington, D. C., et al.

Civ. No. 10977.

United States District Court
D. Maryland.

Dec. 31, 1958.

James M. Burke, pro se.

Leon H. A. Pierson, U. S. Atty., and John Gordon Underwood, Asst. U. S. Atty., Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

This case is before the court on the motion of the defendant William P. Rogers, Attorney General of the United States, to dismiss the amended complaint filed by James M. Burke in proper person, naming as plaintiffs "The People of the United States of America, by their next friend, James M. Burke, and James M. Burke". The fifteen defendants are "William C. (sic) Rogers, an officer of the United States appointed to the office of Attorney General of the United States", the Chief Justice and seven Associate Justices of the Supreme Court, the Chief Judge of the United States Court of Appeals for the Fourth Circuit, and five other persons connected with the Department of Justice, all of whom are described as officers of the United States, appointed to their several offices.

The amended complaint, which is headed "Complaint Against the Libel of a Sovereign People and of the Late Senator George, of Georgia, the Late Chief Justice Marshall, the Late Chief Justice Hughes, the Late, Late Associate Justice Holmes, and for Other Relief" sets out a large number of alleged acts by the

various defendants which Burke conceives to be in violation of the Constitution of the United States. The concluding paragraphs, which read more like a proclamation than prayers for relief, claim "actual damages" in the amount of $175,000,000 and "punitive damages" in the amount of $168,000,000,000. Burke says that he also seeks a declaratory judgment that the defendant officers have "transgressed the Constitution", that the Department of Justice has no right to participate in "private litigation", such as Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5, and that Judge Sobeloff is disqualified to sit in any segregation cases or any other cases involving "the supreme law of the land" (358 U.S. 18, 78 S.Ct. 1410) because he participated in the final argument of Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

This court has no jurisdiction to grant most of the relief prayed, although in a proper case, it can enter a judgment for money damages.

The complaint alleges no facts upon which relief can be granted. It is therefore dismissed, with costs.